|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| The Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2004-8CB Mortgage Pass-through Certificates Series 2004-8CB,<br><br>Plaintiff<br><br>v.<br><br>Tierra De Las Palmas Owners Association, et al,<br><br>Defendants | Case No.: 2:17-cv-02112-JAD-CWH<br><br>**Order Granting Motions to Dismiss**<br><br>[ECF Nos. 9, 24, 39, 40] |

The Bank of New York Mellon brings this action to challenge the 2012 non-judicial foreclosure sale of the home at 2113 Island Dreams Avenue in North Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] The Bank sues the Tierra De Las Palmas Owners Association (the HOA), which conducted the foreclosure sale to enforce its statutorily created lien rights; Absolute Collection Services, LLC (ACS), the HOA's agent that conducted the foreclosure proceedings; and SFR Investments Pool I, LLC, the purchaser at the foreclosure sale. The Bank seeks damages, injunctive relief, and a declaration that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[2]

---

[1] ECF No. 1.

[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

All defendants separately move to dismiss the Bank's claims as time barred and offer additional reasons for dismissal.[3] Because I find that the Bank's filing of this action more than five years after the foreclosure deed recorded renders all of its claims time barred by the applicable statutes of limitations, I grant the motions on that basis and close this case.

## Factual Background[4]

The Bank of New York Mellon claims that it is the beneficiary of a deed of trust securing a loan on the home at 2113 Island Dreams Avenue in North Las Vegas, Nevada. The home is located within the Tierra de las Palmas Owners Association and subject to the HOA's codes, covenants, and restrictions (CC&Rs), which require the owners of property within this planned development to pay certain assessments. When the assessments on this home became delinquent, the HOA, through its agent ACS, commenced non-judicial foreclosure proceedings as authorized by Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on July 17, 2012, and the trustee's deed in favor of purchaser SFR recorded on July 19, 2012.[5]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[6] "Proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[7]

---

[3] ECF Nos. 9, 24, 39. I find these motions suitable for disposition without oral argument. LR 78-1.

[4] These facts come from the complaint's factual allegations, which I accept as true for purposes of these motions to dismiss.

[5] ECF No. 1 at ¶ 25.

[6] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

[7] *SFR*, 334 P.3d at 419.

The Bank alleges that it asked ACS to identify the superpriority portion of the delinquent assessments on this home and offered to pay that portion if provided with "adequate proof," but ACS refused.[8]

The Bank filed this action on August 4, 2017, five years and two weeks after the foreclosure sale recorded.[9] It asserts four claims: (1) quiet title and declaratory relief against all defendants, (2) breach of NRS 116.1113 against the HOA and ACS, (3) wrongful foreclosure against the HOA and ACS, and (4) injunctive relief against SFR.

ACS moves to dismiss all claims against it as time barred.[10] It contends that the quiet-title claim is governed by a five-year statute of limitation that expired weeks before this action was filed. And it argues that the Bank's other claims are subject to a three-year deadline that had long-since expired before the Bank got around to filing this action. SFR offers similar contentions in moving to dismiss the claim against it.[11] The HOA, too, contends that all of the Bank's claims are time barred, and it adds that the Bank lacks standing to sue for breach of NRS 116.1113.[12]

## Discussion

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[13] "When a motion to dismiss is based on

---

[8] ECF No. 1 at ¶ 24.
[9] *Id.*
[10] ECF No. 9.
[11] ECF No. 24.
[12] ECF No. 39.
[13] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

3

the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[14]

### A. Quiet Title, Declaratory Relief, and Injunctive Relief

The Bank's first cause of action, entitled "Quiet Title/Declaratory Judgment Against All Defendants,"[15] alleges that, "[a]s a result of the . . . foreclosure sale, SFR claims an interest in the property, and [that it] owns the property free and clear of [the Bank's] senior deed of trust."[16] To resolve those competing interests, the Bank prays for "a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish [its] senior deed of trust."[17] ACS contends that the Bank's quiet-title claim is governed by the five-year statute of limitations in NRS 11.080.[18] SFR argues that, when we look at the nature of the allegations undergirding the quiet-title/declaratory-relief cause of action, "we are not dealing with a true" quiet-title claim because the Bank has only a lien interest; it never held title.[19] So, SFR contends, this claim is actually governed by NRS 11.190(3)(a)'s three-year statute of limitations.

Whether I apply a five-year or three-year statute here, however, this claim is time barred because it was filed more than five years after the sale recorded. The Bank contends that this claim is subject to the five-year statute, but it was tolled by operation of NRS 38.310, which provides that:

---

[14] *Id.*
[15] ECF No. 1 at 6.
[16] *Id.* at ¶ 29.
[17] *Id.* at ¶ 46.
[18] ECF No. 9 at 4.
[19] ECF No. 24 at 4.

4

> Any statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation or arbitration or referred to a program pursuant to NRS 38.300 to 38.360, inclusive, until the conclusion of mediation or arbitration of the claim and the period for vacating the award has expired, or until the issuance of a written decision and award pursuant to the program.[20]

The Bank represents that it administratively filed for mediation under this provision on August 26, 2016, thereby stopping the clock on its claims.[21]

But NRS 38.310 could not toll the statute of limitations on this claim because the Nevada Supreme Court has expressly held that quiet-title claims are "exempt from NRS 38.310" because quiet-title is not a claim subject to the mediation or arbitration program under NRS Chapter 38.[22] Filing for mediation under this provision was thus a legally meaningless move that could not have tolled the statute of limitation on this quiet-title claim.[23] So I dismiss the Bank's quiet-title claim with prejudice as time barred.

Because the Bank's fourth cause of action, entitled "Injunctive Relief against SFR,"[24] is more accurately characterized as the requested remedy for the substantive claim against SFR

---

[20] ECF No. 14 at 4 (quoting Nev. Rev. Stat. § 38.310).

[21] *Id.* at 3 & n.1 (representing that "August 26, 2016, is four years, one month, and nine days after the foreclosure sale"); ECF No. 1 at ¶ 8.

[22] *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc).

[23] Even if this quiet-title claim were capable of tolling under NRS 38.310, if it is governed by anything less than a five-year statute of limitations, that administrative filing still could not save the Bank's claims because the statutory period would have lapsed before the mediation claim was even submitted. For this same reason, the August 26, 2016, submission of the Bank's wrongful-foreclosure and NRS 116.1113 claims to NRED was ineffective because they had already expired before then. *See, e.g., Artis v. District of Columbia*, 138 S. Ct. 594, 602 (Jan. 22, 2018) (explaining that to "toll" a statute is just to "suspend" or "to stop the limitations clock" from ticking). If time has already run out before tolling begins, there's no period left to toll.

[24] ECF No. 1 at 12–13.

pled in the Bank's first cause of action, it rises and falls with this quiet-title claim. And because that substantive claim is time barred, I dismiss this injunctive relief "claim" as time barred, too.

**B.      NRS 116.1113 and Wrongful Foreclosure**

ACS next argues that the Bank's claims for wrongful foreclosure and breach of NRS 116.1113 are time barred. It contends that both claims are governed by NRS 11.190(3)(a), which imposes a three-year statute of limitations on actions "upon a liability created by statute, other than a penalty or forfeiture."[25] Because the property was sold at foreclosure in July 2012, ACS contends that the Bank's filing of this lawsuit in August 2017 was more than two years too late. The HOA makes the same argument, and it adds that even if we generously apply the four-year catch-all period in NRS 11.220 instead, these claims are more than a year too late.[26]

A claim for wrongful foreclosure "challenges the authority behind the foreclosure, not the foreclosure act itself."[27] NRS Chapter 116, which authorizes HOAs to enforce liens by non-judicial foreclosure, is the authority behind the sale at issue here. And the Bank alleges that the HOA violated various notice provisions of NRS Chapter 116 when conducting this sale.[28] The Bank's wrongful-foreclosure claim is thus an "action upon a liability created by statute," it is governed by the three-year statute of limitations in NRS 11.190(3)(a), and it is time barred because it was not filed within three years of the foreclosure sale.

The same is true for the Bank's second cause of action, entitled "Breach of NRS 116.1113 against HOA." NRS 116.1113 states that "[e]very contract or duty governed by [NRS

---

[25] Nev. Rev. Stat. § 11.190(3)(a).
[26] ECF No. 39 at 6.
[27] *McKnight Family, LLP*, 310 P.3d at 559.
[28] *See* ECF No. 1 at ¶¶ 16–22.

6

Chapter 116] imposes an obligation of good faith in its performance or enforcement."[29] In effect, this statute just makes it clear that Nevada's policy that "[a]n implied covenant of good faith and fair dealing is recognized in every contract under Nevada law"[30] applies to CC&Rs, too. For this claim, the Bank repackages the notice violations that it alleges in its wrongful-foreclosure claim as breaches of the HOA's "duty of good faith" under NRS 116.1113.[31] Because the good-faith obligation in NRS 116.1113 is also a liability created by statute, this claim is similarly barred by the three-year statute of limitations.

The Bank offers three arguments to avoid this claims bar. It first argues that these claims haven't even begun to accrue yet because it has not sustained injury and won't be injured unless and until "a court finds" that its "deed of trust was extinguished and [rendered] unenforceable as a result of the foreclosure sale," and only then will the statute begin to run.[32] But the Bank does not need a judge to declare the effect of the foreclosure sale in order for the deed of trust to be extinguished. As the Nevada Supreme Court explained in *SFR Investments Pool 1 v. U.S. Bank*, "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[33] So the Bank suffers its injury at the moment of foreclosure, not years later when it gets a court to confirm or disregard that injury.[34]

---

[29] Nev. Rev. Stat. § 116.1113.

[30] *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1256 (Nev. 1998) (citing *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993)).

[31] ECF No. 1 at ¶ 55.

[32] ECF No. 14 at 5.

[33] *SFR*, 334 P.3d at 419.

[34] As the Hon. Andrew Gordon recently explained in response to the same argument in *Bank of America v. Country Garden Owners Ass'n*, 2018 WL 1336721, *3 (D. Nev. Mar. 14, 2018), "Because [the Bank's] interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, [the Bank] knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was

7

Next, the Bank contends that its claims didn't begin to run until the Nevada Supreme Court decided the *SFR* case in 2014 because it didn't know until then that such foreclosure sales extinguish deeds of trust.[35] The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[36] Lenders were well aware of NRS 116.3116 long before *SFR*,[37] and the Bank of New York Mellon was no exception. The Bank's allegations in the complaint that its loan servicing agent requested a ledger from the HOA in March 2012 so the Bank could tender the superpriority portion of the overdue HOA assessments for this property and stop the foreclosure[38] demonstrate that the Bank was long aware of NRS 116.3116 and its operation. So, based on the allegations in the complaint, once the foreclosure deed was recorded

---

extinguished so it was damaged. No later than when the trustee's deed upon sale was recorded, [the Bank] knew the content of the HOA's notices, . . . and knew the property had been sold at a foreclosure sale . . . . Thus, based on the complaint's allegations, [the Bank] had the facts supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale."

[35] *See* ECF No. 14 at 5–6.

[36] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[37] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues."); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

[38] ECF No. 1 at ¶ 23–24.

on July 19, 2012, the Bank had the facts to support its wrongful-foreclosure and NRS 116.1113 claims. Because the *SFR* decision did not change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's clock running.

Finally, the Bank contends that these claims should be governed by NRS 11.190(1)(b)'s six-year limitations period for actions "upon a contract, obligation, or liability founded upon an instrument in writing. . . ."[39] That writing, it contends, was the HOA's recorded CC&Rs, in which it made representations "to induce lenders to lend to buyers in the HOA community."[40] But the legal nature of these claims remains the enforcement of a liability created by statute, which is governed by the three-year statute in NRS 11.190(3)(a). In its second cause of action, the Bank asserts not a claim for breach of the CC&Rs, but a claim for breach of NRS 116.1113.[41] The bulk of the Bank's third cause of action is that the HOA's failure to comply with Chapter 116's foreclosure procedures rendered the sale wrongful. And to the extent that the Bank is also alleging that the foreclosure was wrongful because the HOA included a mortgage-savings clause in its CC&Rs, promising not to jeopardize the rights of a senior deed-of-trust holder, the Nevada Supreme Court squashed this theory in *SFR*.[42] It explained that NRS 116.1104 states that "Chapter 116's 'provisions may not be varied by agreement, and rights conferred by it may not be waived except as expressly provided in' Chapter 116."[43] And because nothing in that chapter "expressly provides for a waiver of the HOA's right to a priority position for the HOA's super

---

[39] ECF No. 14 at 6.
[40] *Id*.
[41] *See* ECF No. 1 at 10–11.
[42] *SFR*, 334 P.3d at 418–19.
[43] *Id*. at 419.

priority lien, . . . [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case."[44]  So, the only legally viable portion of the Bank's wrongful-foreclosure claim is an action founded "upon a liability created by statute," and it is time barred.  I thus grant the motions to dismiss the Bank's second and third claims for relief on this basis.[45]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that ACS's, SFR's, and the HOA's Motions to Dismiss **[ECF Nos. 9, 24, and 39] are GRANTED.  All claims are dismissed with prejudice as time barred.**

IT IS FURTHER ORDERED that the Bank's Motion for Protective Order Regarding Topic Concerning Litigation and Settlements **[ECF No. 40] is DENIED** as moot.

The Clerk of Court is directed to ENTER JUDGMENT in favor of the defendants and against the plaintiff and CLOSE THIS CASE.

Dated this 18th day of May, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[44] *Id.*

[45] Because I am dismissing these claims as time barred, I need not—and do not—reach the defendants' other bases for dismissal.  And because the Bank has not indicated how amendment could cure this fatal problem with its claims, I also deny as futile its summary request for leave to amend.  *See, e.g.,* ECF No. 42 at 9.